Insurance Companies — State — Anti-Trust Laws Congress has provided by statute that the provisions of the Sherman Act, as amended, the Clayton Act, as amended, and the Federal Trade Commission Act, as amended, sometimes collectively referred to as the Anti-Trust laws. are applicable to the business of insurance only to the extent such business is not regulated by State law. The Attorney General has had under consideration your recent letter submitted over the signature of Mr. Jack A. Rhodes. Director, requesting an opinion on the following question: "Whether insurance companies, including domestic companies who are not licensed to do business in any other state, are subject to the provisions of the Federal anti-trust laws." For about 75 years prior to 1944, the Supreme Court of the United States held that the Commerce Clause of the Federal Constitution did not deprive the individual states of power to regulate and tax specific activities of foreign insurance companies which sold policies within their territories. In that year, the Supreme Court decided the case of United States of America v. Southeastern Underwriters Association, et al., 322 U.S. 533,88 L.Ed. 1440. It held that the business of insurance was commerce within the meaning of the Commerce Clause of the Constitution and the Sherman Anti-Trust Act. In so ruling, the Court, in effect, declared that acts of Congress and existing statutes relating to the regulation of business and activities in interstate commerce were paramount to and superseded state regulation of the insurance business. To meet this situation and in recognition of the fact that state regulation and taxation of the insurance business had long been and was considered of purely local concern, the Congress adopted the following statutes, to-wit: Title 15 U.S.C.A. 1011: "Congress hereby declares that the continued regulation and taxation by the several-States of the business of insurance is in the public interest, and that silence on the part of the Congress shall not be construed to impose any barrier to the regulation or taxation of such business by the several States. Mar. 9, 1945, c. 20, Section 1,59 Stat. 33." Title 15 U.S.C.A. 1012: "(a) The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business. "(b) No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance;Provided, That after June 30, 1948, the Act of July 2, 1890, as amended, known as the Sherman Act, and the Act of October 15, 1914, as amended, known as the Clayton Act and the Act of September 26, 1914, known as the Federal Trade Commission Act, as amended, shall be applicable to the business of insurance to the extent that such business is not regulated by State law. Mar. 9, 1945, c. 20, Section 2, 59 Stat. 34; July 25, 1947, c. 326,61 Stat . 448." These statutes are presently in full force and effect, and by virtue thereof, almost all of the individual states have exercised the power to regulate, tax and control insurance business carried on within their borders. By reason of the foregoing, it is the opinion of the Attorney General that your question must be answered as follows: By virtue of Title 15 U.S.C.A. 1011 and15 U.S.C.A. 1012, the Congress has statutorily declared that the provisions of the Sherman Act, the Clayton Act, and the Federal Trade Commission Act, as amended, sometimes collectively referred to as the "Anti-Trust Laws, are applicable to the business of insurance only to the extent such business is not regulated by State law. (Carl G. Engling)